RECEIVED
NOV - 9 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus            CRIMINAL NO. 08-0311-01
                       JUDGE TOM STAGG

ARLANDOR FOSTER

## MEMORANDUM RULING

Before the court is a motion filed by Arlandor Foster ("Foster") pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. See Record Document 64. Based on the following, Foster's motion is **DENIED.**

## I. BACKGROUND

The presentence investigation report as well as the factual basis submitted indicate that Foster sold sixty-two grams of crack cocaine to an individual cooperating with the Federal Bureau of Investigation ("FBI") on February 14, 2008. The conversation between the cooperating witness and Foster was recorded. The purchase of crack cocaine from Foster occurred at a gas station on the corner of Jewella and Meriwether Road in Shreveport, Louisiana, and was captured by video camera. See Record Document 40.

On October 22, 2008, a federal grand jury returned an indictment charging Foster with three counts of distributing crack cocaine. See Record Document 1. Counts one and two charged Foster with distributing five grams or more of crack cocaine on January 16, 2008, and on February 5, 2008, in violation of 21 U.S.C. § 841(a)(1). Count three charged Foster with distributing fifty grams or more of crack cocaine on February 14, 2008, in violation of 21 U.S.C. § 841(a)(1).

On March 30, 2009, Foster pleaded guilty to count three of the indictment. See Record Documents 39 and 40. He was sentenced to two hundred forty months of imprisonment. See Record Document 54. Foster then filed the instant motion to vacate, set aside or correct his sentence, pro se. See Record Document 64.

## II. LAW AND ANALYSIS

**A.    Violation Of Rule 11.**

Foster claims that his due process rights provided by the Fifth Amendment to the Constitution were violated when the government entered the factual basis at his guilty plea in written form with no live witness. The transcript from Foster's March 30, 2009, change of plea hearing reflects that he was sworn and stated that he wished to change his plea from not guilty to guilty. The court informed Foster that a written factual basis was being used for his sentencing in lieu of live testimony from the FBI agent. The following exchange took place between Foster and the court:

| | |
|---|---|
| Court: | There are two sets of documents called a "Rule 11 package." One was signed at your last court appearance, which we continued. The second set was signed just before we began today. Now, have you seen the Factual Basis document before? |
| Foster: | Yes, sir. |
| Court: | All right. And have you gone over it with your lawyer? |
| Foster: | Yes, sir. |
| Court: | And is that your signature that I see on page 2 of the Factual Basis? |
| Foster: | Yes, sir. |
| Court: | Now, in this instance, we are submitting a written factual basis instead of having the FBI agent come forward, take the witness stand, and testify about the factual basis. Do you understand that? |
| Foster: | Yes, sir. |
| Court: | Meaning if I accept this, he is not going to take the witness stand, and we'll use this written document in place of it. You clear on that? |
| Foster: | Yes, sir. |
| Court: | In this instance, it looks like to me that the FBI conducted a controlled purchase of 62 grams of crack cocaine for $1600 through a cooperating witness. And you were the person from whom that crack cocaine was purchased? |
| Foster: | Yes, sir. |
| Court: | And the crack cocaine that was part of that controlled purchase was analyzed by the North Louisiana Criminalistics Laboratory |

| | |
|---|---|
| | which found it to be a net weight of 61.02 grams of crack cocaine; is that correct, sir? |
| Foster: | Yes, sir. |
| Court: | All right. Any questions you need to ask me about the Factual Basis? |
| Foster: | No, sir. |
| Court: | All right. Mr. Thornell, does your signature appear as his lawyer on page 2 of that document? |
| Thornell: | It does, your Honor. |
| Court: | And did you review the contents of that Factual Basis with him? |
| Thornell: | Yes, we did. |
| Court: | Do you have any concerns about the facts as contained in this document? |
| Thornell: | No, Your Honor. |
| Court: | All right. The Court will accept the Factual Basis, then, in lieu of the live testimony of the FBI agent in this particular matter. Let me ask this last question. Do you disagree with any part of the Factual Basis, Mr. Foster? |
| Foster: | On the -- on the time. |
| Court: | Well, as to the approximate date of the purchase and the money involved and the net grams of crack cocaine involved in the purchase, do you disagree with how that's set out in that Factual Basis? |
| Foster: | No, sir. |

Record Document 62 at 7-10.[1]

Federal Rule of Criminal Procedure 11(b)(3) entitled "Determining The Factual Basis For A Plea" provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." The rule does not specify that the factual basis be supported by a live witness. "The district court must compare '(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information.'" United States v. Hildenbrand, 527 F.3d 466, 474-75 (5th Cir. 2008) (quoting United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)).

When determining whether there is a factual basis for a guilty plea, inferences may be "fairly drawn" from the evidence adduced after the acceptance of a guilty plea before or at sentencing. See United States v. Dyer, 136 F.3d 417, 425 n. 13 (5th Cir. 1998) (citation omitted). "If sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." United States v. Adams, 961 F.2d 505, 509 (5th Cir. 1992) (citing United States v.

---

[1] The case was originally assigned to Judge S. Maurice Hicks, and he accepted the guilty plea from Foster. Following the guilty plea, the case was transferred to the undersigned.

Bachynsky, 949 F.2d 722, 730 (5th Cir. 1991); United States v. Boatright, 588 F.2d 471, 475 (1979)).[2]

Foster's claim that the government entered the factual basis pursuant to his guilty plea in written form with no live witness to authenticate the author was a violation of the due process of the Fifth Amendment to the Constitution has no merit, as there is no requirement that a live witness testify. Accordingly, his claim must fail.[3]

**B.   Ineffective Assistance During Rule 11 Hearing.**

Foster alleges that his counsel failed to offer an objection as to the factual basis during the Rule 11 guilty plea hearing. He alleges that the his attorney failed to object to the government entering into evidence the factual basis in writing with no live witness to authenticate the author of the factual basis.

To prevail on a claim of ineffective assistance of counsel, Foster must prove that (1) his counsel's actions fell below an objective standard of reasonableness and

---

[2]The presentence report may also be considered in determining whether there was a sufficient factual basis to support a defendant's guilty plea so long as the court indicates on the record that it relies on the presentence report. See Adams, 961 F.2d at 509 n.3 (citation omitted).

[3]Furthermore, it is questionable whether this claim is presently cognizable through a section 2255 motion. See United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997) ("Relief from a formal or technical violation of Rule 11 is not available in a [section] 2255 collateral attack, but instead is available only upon a showing of prejudice.").

(2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Foster may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Foster must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudicial prong of the Strickland test in the context of a non-capital sentencing proceeding, Foster must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004). If Foster fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

Foster must demonstrate that his counsel's alleged failure resulted in prejudice to him. See Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986). Foster has failed to do so. Foster points to nothing in the record to evidence his claim that the production of the written factual basis prejudiced him in any way. Accordingly, his claim must fail.

### III. CONCLUSION

For the above cited reasons, Foster's section 2255 motion is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of November, 2011.

_____
JUDGE TOM STAGG